UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN PAUL NUNEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-03052 (UNA) |
| | ) | |
| | ) | |
| MEDSTAR WASHINGTON HOSPITAL CENTER, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is lacking).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have jurisdiction to hear a case when a "federal question" is presented, 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). Parties are of diverse citizenship where "plaintiff [is not] a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74

(1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  A party seeking relief must plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

Plaintiff, a District of Columbia resident, has sued Medstar Washington Hospital Center in the District for alleged injuries he suffered as an emergency room (ER) patient.  He demands no relief. Plaintiff alleges that when he arrived at Defendant's ER "due to an accidental drug intoxication," a nurse "aggressively pushed" his head down the bed, trying to restrain" him.  Compl. ECF No. 1 at 2.  Plaintiff was discharged from the hospital the next day but suffered "[m]ild symptoms" of "pressure and vertigo on [his] neck."  *Id*.  The symptoms "worsen[ed] over time," and Plaintiff eventually was taken to a different hospital "where they found signs of whiplash and concussion" and diagnosed Plaintiff's symptoms as "post-concussion."  *Id*.

The foregoing allegations do not present a federal question, and Plaintiff has not pleaded the citizenship of each party and demanded the threshold amount in controversy to establish diversity jurisdiction.  Therefore, this case will be dismissed by separate order.

Date:  December 4, 2023

_____/s/_____
BERYL A. HOWELL
United States District Judge